UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN VAN STEVENSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:17-CV-733
(Crim. Case No. 1:14-CR-167)

HON. GORDON J. QUIST

## **OPINION ON MOTION TO VACATE**

In September 2014, a grand jury indicted Movant, Ryan Van Stevenson, in a three-count indictment for (1) coercion and enticement of a minor, (2) receipt of child pornography, and (3) possession of child pornography. On September 29, 2014, the government sent a proposed plea agreement to the defense, to plead to Count One of the indictment, *i.e.*, coercion and enticement of a minor. On December 10, 2014, following discussions between the parties, the government sent a second plea offer, allowing Stevenson to plead guilty to a superseding felony information charging one count of sexual exploitation of a child instead of coercion and enticement of a minor. The second offer would raise Stevenson's statutory minimum sentence but lower his statutory maximum. Stevenson had until December 16, 2014, to sign either plea offer. On the 16th, Stevenson signed the second plea offer. On the morning of December 19, 2014, the day of the change of plea hearing, Stevenson changed his mind and signed the original plea offer. Judge Robert Holmes Bell[1] accepted the plea.

---

[1] Judge Bell has since retired, and Stevenson's case was accordingly transferred to the undersigned.

In the plea agreement, Stevenson waived the right to appeal his sentence, except for a sentence that exceeded the statutory maximum, was based upon an unconstitutional factor, or was based upon a guideline miscalculation if there had been an objection to the calculation. Stevenson also waived his right to collaterally attack his conviction or sentence. At the plea hearing, Stevenson confirmed that he had carefully read the plea agreement, had discussed it with his attorney, and was satisfied with his counsel. The government read Count One of the indictment in its entirety, and Stevenson stated that he had no questions about the charge of coercion and enticement of a minor. Judge Bell asked Stevenson if he understood the waivers he was agreeing to, and Stevenson answered that he understood. During colloquy, Stevenson admitted the relevant facts of the offense—facts that satisfied the elements of the offense.

On March 13, 2015, four days after the initial presentence report (PSR) was filed, three months after the plea hearing, and approximately six months after Stevenson first received the plea agreement, Stevenson indicated to his attorney that he regretted his plea and felt that he did not have sufficient time to consider it. On March 26, 2015, Stevenson filed a motion to withdraw his plea. Judge Bell denied the motion because Stevenson did not provide a valid reason for failing to move for withdrawal earlier than the issuance of the initial PSR, and noted that Stevenson had admitted to all the underlying facts of the offense.

The Presentence Investigation Report proposed an offense level of 44, a criminal history category of II, and a guideline range of 324 to 405 months. Stevenson's attorney made two objections: 1) regarding the enhancement for sadistic and masochistic images—which Judge Bell sustained, bringing the offense level from 44 to 40; and 2) regarding the use of a computer to persuade a minor to participate in sexually explicit conduct—which Judge Bell overruled. Judge Bell, Stevenson, and the government engaged in a thorough discussion of the facts of the case,

*e.g.*, regarding Stevenson grooming his minor victim to be his personal sex slave. Judge Bell sentenced Stevenson to a within guidelines sentence of 360 months imprisonment, five years of supervised release, and $10,875 in restitution to E.K., his victim.

Stevenson appealed the denial of his motion to withdraw his guilty plea and his 360-month sentence. The Sixth Circuit held that Judge Bell did not abuse his discretion in denying Stevenson's motion to withdraw his plea, particularly because the first six factors of the seven-factor test from *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), weighed against Stevenson—the Sixth Circuit held it was not necessary to reach the seventh factor. *United States v. Stevenson*, 659 F. App'x 221, 226 (6th Cir. 2016). The Sixth Circuit declined to address Stevenson's arguments that his sentence was procedurally and substantively unreasonable, holding that the appeal waiver was knowing and voluntary and, therefore, enforceable. *Id.*

On August 14, 2017, Stevenson filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1.) Stevenson filed a 62-page memorandum in support of his motion. (ECF No. 2.) The government responded with an 81-page response. (ECF No. 24.) Stevenson replied (ECF No. 26) and the matter is ready for decision. For the reasons that follow, the Court will grant Stevenson's motion in part and deny it in part.

## **Standard of Review**

Stevenson must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To establish an ineffective assistance of counsel claim, a movant must show "that his counsel's performance fell below an objective standard of reasonableness, and a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). There is a "strong presumption" that counsel acted reasonably, and courts are to be "highly deferential" in reviewing claims of ineffective assistance. *Id.* The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). The Court must presume that the lawyer is competent—the burden is on Stevenson, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

Claims are procedurally defaulted if they were not raised on direct appeal; Stevenson may raise such procedurally-defaulted claims on collateral review only if he can show cause and actual prejudice, or actual innocence, *i.e.*, factual innocence. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003); *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998); *Ambrose v. Booker*, 684 F.3d 638, 651 (6th Cir. 2012). Issues that were raised on direct appeal cannot be relitigated on a collateral attack, "absent highly exceptional circumstances." *Dupont v. United States*, 76 F.3d 108, 110–11 (6th Cir. 1996).

**<u>Direct Appeal and Waiver</u>**

In Stevenson's plea agreement, Stevenson agreed to the following:

> [Stevenson] . . . knowingly waives the right to challenge the conviction and sentence and the manner in which the sentence was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(Case No. 1:14-CR-167, ECF No. 26 at PageID.84–85.) Stevenson signed the plea agreement and answered affirmatively when Judge Bell asked him if he understood the waiver. (Case No. 1:14-CR-167, ECF No. 30 at PageID.122–23.) Waivers such as this one are valid and enforceable. *See,*

*e.g.*, *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). The Sixth Circuit has already held that Stevenson's waiver was knowing and voluntary and, accordingly, is valid and enforceable. *Stevenson*, 659 F. App'x at 226. It is therefore the law of the case that Stevenson's waiver was knowing, voluntary, and enforceable. *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994); *United States v. Baxter*, No. 12-7231, 2013 WL 157751, *2 (E.D. Ky. Jan. 15, 2013) (applying law of the case doctrine to similar facts). Stevenson's guilty plea also waives many of the same claims he waived in the plea agreement. *See United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 762 (1989); *DeForest v. United States*, No. 1:10-CV-137, 2011 WL 4434853, at *3 (W.D. Mich. Sept. 23, 2011). Further, nonconstitutional claims raised for the first time on collateral review are waived "except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). "[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." *Id.*

Stevenson argues that the waiver is unenforceable because the plea agreement did not define the terms "coerce, entice, induce, and persuade," so the plea "cannot truly be voluntary" because he did not understand the elements of the offense. Despite Stevenson's protestations, this argument and one he presented on appeal are horses of the same color—regarding his withdrawal of the plea, Stevenson argued to the Sixth Circuit that he was innocent of the crime of coercion and enticement of a minor "because he did not coerce E.K. into any activity," and therefore did not meet the elements of the criminal offense. The Sixth Circuit found that Stevenson "specifically acknowledged at the change-of-plea hearing" actions that fit the elements of the offense. *Stevenson*, 659 F. App'x at 225. Stevenson continues to take umbrage with the language of the statute even though he did not deny persuading or attempting to persuade E.K., a minor, to send

him pornographic images of herself. *United States v. Bailey*, 228 F.3d 637, 638 (6th Cir. 2000) (holding that 18 U.S.C. § 2422(b) requires only that a "defendant had an intent to persuade or attempt to persuade" a minor to engage in prohibited sexual activity). The argument here is similarly without merit.

Stevenson argues that various sentencing factors were erroneously applied. "[O]nly the most serious defects in the trial process will merit relief outside of the normal appellate system." *Grant*, 72 F.3d at 506. Stevenson's arguments fall short of this high standard, but for one claim—that his criminal history score should have put him in Category I, not Category II of the sentencing table, because he was 17 at the time he committed the offenses at issue.

Stevenson's PSR listed two prior convictions for uttering and publishing which occurred in the Spring of 2000. It lists Stevenson's age as 19 on the date of his arrest. Stevenson was sentenced to 6 months incarceration and 18 months probation for these convictions, thereby elevating his criminal history category from I to II. However, Stevenson is correct in that these 2000 convictions should not have been counted as "priors" in determining his criminal history category because he committed these offenses prior to his 18th birthday, and he was not released from confinement within five years of his instant offense. U.S.S.G. § 4A1.2(d)(2), (4). This one category error raised Stevenson's Category I range of 292 to 365 months to a Category II range of 324 to 405 months. No one ever brought this error to the attention of the Court until Stevenson filed the instant motion. The government agrees that Stevenson was 17 at the time of the offense and that Category II was the wrong category to apply. (ECF No. 24 at PageID.253.)

The Supreme Court recently addressed a similar error. In *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016), the Court held, "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct

range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. "While *Molina-Martinez* was a Rule 52(b) case, the reasoning in *Molina-Martinez* should apply here [in a § 2255 motion]—starting with an erroneous Guidelines range prejudices a defendant and infringes on his substantial rights." *Lee v. United States*, No. 15-20854-CIV, 2017 WL 6048807, at *5 (S.D. Fla. Dec. 6, 2017). Accordingly, the Court will grant Stevenson's motion and resentence him as to the incorrect criminal history category claim.[2]

Most of Stevenson's claims are barred from consideration because they were voluntarily waived in his signed plea agreement, were addressed by the Sixth Circuit, are procedurally barred from being considered for the first time here, are nonconstitutional claims that do not reach the high bar set by the Sixth Circuit, are unsupported, and/or are meritless. Accordingly, his only viable claims are his ineffective assistance of counsel.

### **Ineffective Assistance of Counsel**

Stevenson couches many of his claims under ineffective assistance of counsel terms, *e.g.*, he argues that the plea waiver was not valid because his counsel did not provide him enough time to review the offer, explain its terms, and so forth. As discussed, the Sixth Circuit already held that the plea agreement and its waiver were valid and enforceable. Accordingly, any argument attacking the plea agreement on ineffective assistance grounds is meritless because Stevenson cannot show "a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Stevenson makes several other ineffective assistance arguments against his two counsel, Attorneys Kaczor and Graham.

---

[2] Stevenson also presented the criminal history category claim as an ineffective assistance claim. Because the Court will be granting the motion on this ground, the Court need not reach the same claim under ineffective assistance grounds.

7

### A. Failure to explain statutory terms

Stevenson makes several arguments throughout his brief related to the words "persuade, induce, entice, or coerce" from 18 U.S.C. § 2422(b). Stevenson argues that Kaczor was ineffective because he failed to explain what these terms meant and provided a misleading definition for him. "The words attempt, persuade, induce, entice, or coerce, though not defined in the statute, are words of common usage that have plain and ordinary meanings . . . sufficiently definite that ordinary people using common sense could grasp the nature of the prohibited conduct." *United States v. Gagliardi*, 506 F.3d 140, 147 (2d Cir. 2007) (internal quotation marks omitted) (holding that the precise demarcation between "persuading" and "asking" is "not cause for constitutional concern"). Judge Bell also asked Stevenson if he had any questions about the charge and Stevenson responded that he did not and provided detailed facts that satisfied the elements of the offense. (Case No. 1:14-CR-167, ECF No. 30 at PageID.121–23.)

Stevenson cannot show that Kaczor was constitutionally ineffective under these facts—the statute is clear and Stevenson testified under oath that he understood it when pleading guilty. He asks the Court to make an absurd reading of the statute and then apply that reading to Kaczor's counseling. This argument is meritless.

### B. Failure to advise certain defenses

Despite repeated statements at the plea hearing and in the signed plea agreement to the contrary, Stevenson now alleges that Kaczor failed to advise him of certain defenses. The record shows otherwise. Stevenson's recurring arguments about the language of the statute and what amounts to victim blaming, are meritless. *See, e.g.*, *United States v. Harmon*, 593 F. App'x 455, 463 (6th Cir. 2014) (rejecting defense of victim blaming); *United States v. Dhingra*, 371 F.3d 557,

567–68 (9th Cir. 2004) (same). Accordingly, Kaczor was not constitutionally ineffective as to this claim.

## C. Failure to cite circuit split regarding definition of "sexual activity"

Stevenson argues that Kaczor was ineffective because he did not cite a purported circuit split regarding the definition of "sexual activity." Stevenson relies entirely on the Seventh Circuit's decision in *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), in which the court held that "sexual activity" under § 2422(b) requires person-to-person contact and therefore does not include self-masturbation. This view is the minority view, and many other circuits have rejected *Taylor* outright. *See, e.g.*, *United States v. Macaluso*, 460 F. App'x 862, 865–67 (11th Cir. 2012); *United States v. Fugit*, 703 F.3d 248, 255–56 (4th Cir. 2012) (explicitly rejecting the *Taylor* holding); *United States v. Shill*, 740 F.3d 1347, 1352 (9th Cir. 2014) (same); *see also United States v. Hart*, 635 F.3d 850, 857 (6th Cir. 2011) (holding that the terms of the statute should be given their ordinary and common meaning). The Sixth Circuit has not reached the issue, but has held that the two different terms "sexual contact" and "sexual act" in the statute have different meanings. *United States v. Shafer*, 573 F.3d 267, 273 (6th Cir. 2009).

Declining to pursue weak or meritless arguments, *i.e.*, those derived from a minority of circuits and contrary to a majority of circuits, is not constitutionally deficient performance. *Garcia v. United States*, No. 99-1134, 2000 WL 145358, at *2 (6th Cir. Feb. 2 2000); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("[o]mitting meritless arguments is neither professionally unreasonable nor prejudicial"). Accordingly, Kaczor was not constitutionally ineffective under this claim.

## D. Failure to interview or visit the victim

9

Stevenson argues that Kaczor did not investigate the victim and did not approve a travel request for an investigator to visit her. Kaczor denies ever having been asked to approve a travel request. (ECF No. 20 at PageID.173.) Stevenson also fails to show how either of these issues prejudiced him, particularly considering that he pled guilty and detailed the facts the offense to which he pled. Accordingly, Kaczor was not constitutionally ineffective under this claim.

**E. Pressure to plead guilty and validity of plea**

Stevenson repeatedly argues that Kaczor pressured him to accept the plea agreement and instructed him how to respond to the judge at the hearings. Stevenson asserts that he was suffering from an untreated mental illness, depression, and anxiety at the time. Kaczor disputes Stevenson's assertions, and also said that "[t]here was absolutely nothing that suggested to me that Mr. Stevenson lacked a rational decision[-]making ability." (ECF No. 20 at PageID.170–79.) Stevenson also said differently in the signed plea agreement and at the plea hearing—stating that no one threatened or forced him to plead guilty. (ECF No. 30 at PageID.122.) "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977). Stevenson's arguments against the voluntariness of his plea are unsupported by the record and contrary to his prior testimony. Accordingly, Kaczor was not constitutionally ineffective under this claim.

Stevenson renews his argument regarding the statutory language, this time as an ineffective assistance claim. He asserts that his plea was not knowing and voluntary. For the reasons discussed above, this claim is meritless. The Sixth Circuit already decided that the plea was valid and enforceable, and the statutory language at issue did not require explanation.

**F. Plea withdrawal**

Stevenson argues that his counsel was ineffective in handling Stevenson's motion to withdraw his plea. Stevenson submits that he first made the request to withdraw his plea after his presentence interview. There is no record evidence of this, and the Sixth Circuit already found that Stevenson failed to provide a valid reason for the delay in filing the motion, and that the record does not support Stevenson's claimed attempts to contact his counsel to file the motion.

Even if Stevenson had presented enough evidence to show that he attempted to file the motion to withdraw the plea sooner, he cannot satisfy the prejudice prong of *Strickland*. Both Judge Bell and the Sixth Circuit considered Stevenson's motion to withdraw his plea, and applied the seven-factor test in analyzing Stevenson's arguments—delay in filing is only one of the seven factors. The Sixth Circuit found that the first six of the seven factors weighed against Stevenson, and did not need to consider the seventh (prejudice to the government) because the first six sufficiently weighed against him. *Stevenson*, 659 F. App'x at 226. Stevenson cannot show that the outcome of his motion would have been different if his attorney had filed it sooner as the other five factors would still have weighed strongly against him.

Stevenson also argues that Attorney Graham was ineffective because he did not request a hearing on the motion to withdraw and for not explaining the time delay on appeal. For the same reasons discussed above, Stevenson cannot show that a hearing or additional argument on appeal would have changed the outcome. Accordingly, Kaczor and Graham were not constitutionally ineffective under this claim.

### G. Debatable evidence

Stevenson argues that Kaczor did not explain to him that evidence would be debatable if the case went to trial. However, both the plea agreement and Judge Bell detailed the trial rights that Stevenson was giving up, and Stevenson acknowledged that he understood these rights.

Kaczor stated that he and Stevenson discussed possible witnesses and evidence if Stevenson decided to go to trial. (ECF No. 20 at PageID.172.) This argument is meritless, and Stevenson has not overcome *Strickland*'s presumption of reasonableness for his counsel.

### H. Guideline enhancements

Stevenson argues that his counsel "failed to convey how the application of U.S.S.G. § 4B1.5(b) would apply to his case." (ECF No. 2 at PageID.32.) Stevenson fails to show how his counsel was constitutionally ineffective on this matter as the enhancement would apply regardless. At the plea hearing, Stevenson testified that he understood the terms of the plea, the possible guideline maximum penalty, and that he did not have questions. (ECF No. 30 at PageID.118–19.) Stevenson fails to show prejudice and fails to show deficient performance by his counsel.

### I. Burden of proof

Stevenson asserts that his counsel did not inform him "that entering a plea agreement changes the burden of proof from beyond a reasonable doubt, to the sentencing standard of preponderance of the evidence." (ECF No. 2 at PageID.32.) This burden of proof applies as a general rule—regardless of whether a defendant pleads guilty or is convicted at trial, the burden of proof at sentencing is a preponderance standard. *See United States v. Zajac*, 62 F.3d 145, 148–49 (6th Cir. 1995). Accordingly, Stevenson's counsel were not constitutionally ineffective under this claim.

### J. Psycho-social evaluation

Stevenson asserts that he requested that counsel have a "psycho-social evaluation" done to show that he "has no sexual interest in children, and is not a danger to the community." (ECF No. 2 at PageID.32.) Kaczor felt that there was no need for such an evaluation, in part because of his concern that an evaluator "based upon his review of all the government's documentary evidence,

would suggest that Mr. Stevenson did indeed have an existing sexual interest in children and that he was a strong candidate to recidivate." (ECF No. 20 at PageID.178.) Subsequently, when Stevenson renewed the request with his replacement counsel Graham, Graham "made a tactical and strategic decision that the questions of Mr. Stevenson's potential sexual interest in children and his danger as a recidivist were not key issues at sentencing because the facts showed that Mr. Stevenson would not repeat the conduct in this case after learning that his communications with a minor were illegal."[3] (ECF No. 19 at PageID.164.)

*Strickland* recognized the presumption favoring counsel's strategic choices. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire [proceeding] with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). Kaczor and Graham made strategic decisions about Stevenson's requested evaluation. The fact that they had different rationales is not evidence of ineffective assistance, as Stevenson argues. Instead, it is evidence that each attorney considered the matter and made a strategic decision whether to have the evaluation done. Stevenson has not shown prejudice or "obvious unfairness" from these decisions. Accordingly, Stevenson's counsel were not constitutionally ineffective under this claim.

### K. Mitigating factors and objections at sentencing

Stevenson broadly alleges ineffective assistance due to a failure to investigate mitigating sentencing factors, withdrawing objections, and not pursuing objections to the PSR. Stevenson

---

[3] Stevenson also cites Graham's statement that Stevenson "would not repeat the conduct in this case after learning that his communications with a minor were illegal" in support of his argument that he is factually innocent. Stevenson repeatedly argues that because he purportedly did not know that the conduct was illegal, he cannot be criminally liable. Ignorance of the law is no excuse. *See, e.g.*, *United States v. Int'l Minerals & Chem. Corp.*, 402 U.S. 558, 563, 91 S. Ct. 1697, 1701 (1971). Any of Stevenson's arguments contrary to this centuries-old maxim are meritless.

does not show prejudice from these issues, which are largely attacks on the strategic decisions of counsel. Accordingly, Stevenson's counsel were not constitutionally ineffective under these claims.

**L. Offense Level Calculation**

Stevenson argues that his offense level should have been 38, instead of 40. Initially, Stevenson's offense level was calculated at 44, but was capped at 43 per the Sentencing Guidelines. Graham succeeded on his objection for the four points for "sadistic or masochistic materials," reducing Stevenson's calculated offense level from its original 44 to 40. In his initial brief, Stevenson failed to account for the 2-point enhancement for an offense involving a sexual act or sexual contact. (ECF No. 2 at PageID.42.) In his reply brief, Stevenson makes the same argument he made about the purported "circuit split" as to the definition of sexual activity. He asserts that the enhancement was not proven by a preponderance of the evidence and his attorney should have objected to it. For the same reasons discussed above, this argument is meritless, and counsel cannot be faulted for failing to make a meritless argument. Accordingly, this claim fails as well.

**M. Attorneys' Friendship**

Stevenson asserts that Graham was ineffective because Graham was friends with Kaczor. Graham stated in his affidavit that his "relationship with David Kaczor did not influence my actions in this case." (ECF No. 19 at PageID.166.) Stevenson has not shown otherwise and has not shown how Graham's counsel was deficient or how Stevenson was prejudiced by Graham and Kaczor's purported friendship.

**N. Appeal**

Stevenson argues that Graham was ineffective on appeal before the Sixth Circuit because Graham did not raise certain claims Stevenson wanted him to raise. One of these claims is for the ineffectiveness of trial counsel—which cannot be raised on direct appeal and is properly before the Court now on Stevenson's § 2255 motion. *See United States v. Williams*, 682 F. App'x 453, 458 (6th Cir. 2017). The Sixth Circuit also found that Stevenson's appellate waiver was valid and enforceable; the remaining claims Stevenson wanted Graham to raise were therefore barred from review. *Stevenson*, 659 F. App'x at 226. Accordingly, Stevenson was not prejudiced by Graham's performance as appellate counsel.

Further, Stevenson cannot show that Graham's performance was deficient. "Th[e] process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986) (internal quotation marks and citation omitted); *see also Coleman v. Mitchel*, 268 F.3d 417, 430–31 (6th Cir. 2001).

## No Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Stevenson has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Stevenson's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Stevenson's claims was debatable or wrong. Therefore, the Court will deny Stevenson a certificate of appealability.

**Conclusion**

Stevenson presents several arguments in his initial and response briefs—many of which repeat each other or significantly overlap. Because his appeal waiver was knowing and voluntary, Stevenson cannot raise arguments he agreed to waive. Facing this hurdle, Stevenson attempted to couch each argument in ineffective assistance of counsel terms. For example, Stevenson argued that his conviction violated the Tenth Amendment because state prosecution was more appropriate than federal prosecution; after the government pointed out the fact that Stevenson could not raise this argument in his collateral attack, Stevenson submitted that his attorney "failed to investigate or raise issue" on this matter. (ECF No. 26 at PageID.324.) Stevenson has not shown that his counsel deficiently represented him or that he was prejudiced by their representation. As the Supreme Court stated in *Strickland*:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

466 U.S. at 689, 104 S. Ct. at 2065. Considering the required deference to the attorneys' performances, and eliminating the "distorting effects of hindsight," *id.*, Stevenson has not shown that either Kaczor or Graham's representations of Stevenson were ineffective. Stevenson also failed to show any reason to excuse the procedural default or to render the appeals waiver ineffective.

However, Stevenson presented a valid argument in his motion as to the application of the incorrect criminal history category—it prejudiced him and infringed upon his substantial rights. *Lee*, 2017 WL 6048807 at *5 (citing *Molina-Martinez*, 136 S. Ct. at 1347–48.)

The Court will grant Stevenson's motion in part as to the criminal history category claim and deny the motion as to the remaining claims, and will deny him a certificate of appealability.

Stevenson also filed a motion for an en banc hearing because of "precedent-setting questions of exceptional importance." (ECF No. 6.) Stevenson's arguments are meritless and an en banc hearing is inappropriate.

Stevenson also filed a motion to appoint counsel. (ECF No. 25.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdul-Ramman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). Appointment of counsel is a privilege that is justified only in exceptional circumstances. *Lavabo v. Cohen*, 992 F.2d 601, 604–05 (6th Cir. 1993). Having considered the relevant factors, the Court will deny Stevenson's motion.

A separate order will issue.

Dated: August 10, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE